

FILED & ENTERED

SEP 30 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>OMION DEMOND BELL,<br><br>Debtor. | Case No. 2:14-bk-26989-RK<br><br>Chapter 7<br><br>Adv. No. 2:14-ap-01578-RK |
| OMION DEMOND BELL,<br><br>Plaintiff,<br><br>vs.<br><br>ACS/WELLS FARGO, et al.,<br><br>Defendants. | **ORDER GRANTING PLAINTIFF'S MOTION TO VACATE DISMISSAL AND VACATING ORDER DISMISSING ADVERSARY PROCEEDING**<br><br>DATE: September 29, 2015<br>TIME: 2:30 p.m.<br>PLACE: Courtroom 1675<br>255 East Temple Street<br>Los Angeles, CA  90012 |

The above entitled adversary proceeding came on for hearing before the undersigned United States Bankruptcy Judge on September 29, 2015 on the motion of Plaintiff Omion Demond Bell ("Plaintiff") to vacate the order dismissing this adversary proceeding. Plaintiff appeared in pro per. Scott A. Schiff, of the law firm of Soukup & Schiff, LLP, appeared for Defendant Educational Credit Management Corporation ("Defendant").

On September 4, 2015, Plaintiff filed the instant motion to vacate the order dismissing this adversary proceeding. On July 9, 2015, the court entered its order

1  dismissing the adversary proceeding for lack of prosecution based on Plaintiff's failures to
2  file a status report and to appear at a status conference in this adversary proceeding on
3  April 28, 2015 and his failures to file a written response on the court's order to show
4  cause regarding sanctions for his failure to file a status report and to appear at the April
5  28, 2015 status conference and to appear at the hearing on the order to show cause on
6  June 30, 2015.  ECF 31.  In the moving papers, Plaintiff represented that during 2015, he
7  "suffered severe mental issues as well as other occurrences."  Moving Papers at 1, ECF
8  34.  According to Plaintiff, these occurrences explain and excuse his failures to appear at
9  the status conference on April 28, 2015 and at the hearing on the order to show cause on
10 June 30, 2015: "The plaintiff did not appear at the status conference on April 28, 2015
11 because he was arrested and incarcerated on April 26, 2015.  He has also been forced to
12 move back home with his mother temporarily in Arkansas during June 2015 and while
13 there, was placed in a psychiatric hospital in Little Rock for treatment."  *Id.*

14       On September 15, 2015, Defendant filed an opposition to the motion, stating that
15 the motion should be denied because the circumstances recited by Plaintiff in his moving
16 papers "provide[]an explanation for Plaintiff's failure to appear at the Status Conference
17 (due to Plaintiff's incarceration on April 26, 2015)," but "[h]owever, the Motion provides no
18 explanations as to why Plaintiff did not (1) file a Status Report for the Status Conference;
19 (2) file a response to the OSC; and (3) appear at the OSC hearing on June 20, 2015."
20 Opposition at 2, ECF 38.

21       On September 29, 2015, the court heard argument from the parties, and having
22 heard argument, the court took the motion under submission.  Having considered the
23 moving and opposing papers and the argument of the parties, the court now rules and
24 grants the motion.

25       Plaintiff's motion to vacate the court's dismissal order may be considered under
26 Federal Rule of Bankruptcy Procedure 9024, which makes Federal Rule of Civil
27 Procedure ("Civil Rule") 60 generally applicable to adversary proceedings, such as this
28 one.  Civil Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve

2

a party . . . from a final judgment, order, or proceeding, for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." By the instant motion, Plaintiff is seeking relief from the court's final order of dismissal of this adversary proceeding, and based on his representations, there appear to be grounds for granting such relief based on excusable neglect.

"Excusable neglect may serve as a basis for relief, provided the moving party has shown diligence in seeking relief, and the opposing party has not suffered prejudice in the interim." 3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 20:375 at 20-71 (2015), *citing inter alia, SEC v. Platforms Wireless Int'l Corp.,* 617 F.3d 1072, 1100 (9th Cir. 2010). "Whether neglect is 'excusable' depends on several factors, including the following: possibility of prejudice to the opposing party, length of delay, reason for delay and whether the moving party acted in good faith." 3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 20:376 at 20-71, *citing inter alia, Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993). These factors are present here.

There is no possibility of prejudice to Defendant, the opposing party, and none was argued by Defendant. The length of the delay in seeking relief from the court's order of dismissal entered on July 9, 2015 was short to the date of filing of Plaintiff's motion on September 4, 2015, that is, less than two months. As represented by Plaintiff, the reason for the delay was based on Plaintiff's being away from the area because due to financial and mental health reasons, he had to temporarily reside with his mother out of state in Arkansas, where he is now. Also, as represented by Plaintiff, he is acting in good faith because he was unavailable to appear for the status conference on April 28, 2015, having been arrested and incarcerated two days before the status conference, and was out of town due to being temporarily homeless and having to live with his mother out of state during June 2015 when the written response to the order to show cause was due and when the hearing on the order to show cause was conducted. Because Plaintiff's residence was in flux, it appears that notice of the order to show cause may not have

1  reached him at his new temporary address.  Because of Plaintiff's status as a self-
2  represented litigant who asserts that he is suffering from mental illness, the court at this
3  time accords some latitude to him as a self-represented litigant with regard to his failure
4  to file a status report for the April 28, 2015 status conference as most likely he would
5  have appeared at the status conference to discuss the status of the adversary
6  proceeding, but for his arrest and detention before that hearing.   The court also notes
7  that Plaintiff's representations in his moving papers are not made in a declaration under
8  penalty of perjury as required for testimony under 28 U.S.C. § 1746(2) and Federal Rule
9  of Evidence 603, and the court accords Plaintiff as a self-represented litigant some
10 latitude in this regard by relying on such representations in granting the motion, but in
11 order to accord procedural due process, the court recognizes the right of Defendant to
12 challenge Plaintiff's representations in support of this motion at the trial in this adversary
13 proceeding and may revisit the rulings in this order at that time.
14       It is hereby ORDERED that Plaintiff's motion to vacate the order of dismissal
15 entered on July 9, 2015 is GRANTED.
16       It is also ORDERED that the order for dismissal of the adversary proceeding
17 entered on July 9, 2015 is VACATED and that the adversary proceeding is reinstated to
18 the active case docket.
19       It is also ORDERED that a status conference in this adversary proceeding is set
20 for November 10, 2015 in Courtroom 1675, Roybal Federal Building, 255 East Temple
21 Street, Los Angeles, California, and that the parties must file a joint status report on or
22 before November 3, 2015.  Counsel for Defendant and Plaintiff in pro per may appear by
23       ///
24       ///

1  telephone at the status conference in accordance with the court's telephone appearance
2  procedures which are posted on the court's website.
3       IT IS SO ORDERED.
4                                      ###

Date: September 30, 2015

_____
Robert Kwan
United States Bankruptcy Judge